IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESSEX INSURANCE CO. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RMJC, INC. | : | NO. 01-4049 |

MEMORANDUM

Bartle, C.J.                                              July 16, 2008

Before the court is the motion of defendant RMJC, Inc. ("RMJC") and several non-parties, pursuant to Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure, to quash a subpoena served on their accountant by plaintiff Essex Insurance Co. ("Essex"). Essex is seeking discovery of assets from which it can satisfy a judgment it has obtained against RMJC. The movants assert an accountant-client privilege under Pennsylvania law.

In December, 1999, Essex issued a commercial general liability insurance policy to RMJC, which operates the Show and Tel Show Bar, an adult nightclub in Philadelphia featuring "totally nude dancing girls." In March, 2000, Mark Jaworksi, a patron of the Show and Tel Show Bar, suffered considerable physical injury outside the nightclub as a result of an interaction with the club's staff. Jaworksi sued RMJC in state court on a negligence theory. Essex, as required by the policy, defended RMJC. In February, 2003, a jury in the Court of Common Pleas of Philadelphia County found RMJC negligent and awarded

Jaworski $350,000.  Jaworski v. RMJC, Inc., No. 2784 (C.P. Phila., May 14, 2003).  After an unsuccessful appeal in the state courts, Jaworski v. RMJC, Inc., 858 A.2d 1290 (Pa. Super. 2004) (table), appeal denied, 868 A.2d 452 (Pa. 2005) (table), Essex paid the $410,315.15 judgment to Jaworksi.  Essex then sought reimbursement from RMJC in this court.  It claimed that Jaworksi's injuries resulted from an assault, which would not have been covered by the policy.  Ultimately, after a decision by the Court of Appeals, Essex Ins. Co. v. RMJC, Inc., 198 Fed. Appx. 179 (3d Cir. 2006), we found that to be the case and awarded judgment in favor of Essex and against RMJC for reimbursement of the $410,315.15.  That award is currently on appeal.  Essex Ins. Co. v. RMJC, Inc., Civ. A. No. 01-4049, 2007 WL 3243628 (E.D. Pa. Nov. 1, 2007), appeal docketed, No. 07-4528 (3d Cir. Dec. 12, 2007).  RMJC has not filed a bond pending appeal and has not otherwise sought a stay of execution.  See Fed. R. Civ. P. 62(d).

　　　　Essex now seeks to "discover any assets from which it can satisfy its judgment," to learn whether any basis exists for piercing the corporate veil, and to "determine if there have been any transfers of property by the Defendant that may constitute a fraudulent transfer or conveyance."  In furtherance of this effort, Essex has served a subpoena upon John Perazzelli, a certified public accountant whose services are employed by RMJC and certain allegedly affiliated non-parties, namely, Rayski, Inc., Showbar, Inc., Starlight Management Company, Wrightstown

Enterprises, and Raymond Miles.[1]  The subpoena directs Perazzelli to appear for a deposition and to bring with him a variety of ostensibly relevant documents.  As noted above, movants seek to quash the subpoena.

I.

The scope of discovery under Rule 45, which governs the issuance of subpoenas, is not unlimited.  It is subject to the contours of Rule 26(b)(1), which restricts discovery to "any nonprivileged matter that is relevant to any party's claim or defense ...."  Fed. R. Civ. P. 26(b)(1).  See City of St. Petersburg v. Total Containment, Inc., Civ. A. No. 07-191, 2008 WL 1995298, at *4 (E.D. Pa. May 5, 2008); Mycogen Plant Sci. Inc. v. Monsanto Co., 164 F.R.D. 623, 626 (E.D. Pa. 1996).  Under Rule 26(b)(1), "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Before we reach the issue of privilege, we will first consider whether Essex has demonstrated that what it seeks from the non-parties is relevant to its effort to enforce a judgment against RMJC.  It may not simply engage in a fishing expedition.  None of those non-parties whose records are being subpoenaed is a judgment debtor in the action before us.  Essex claims, however, that they are all affiliated with RMJC and that fraudulent

---

1. Movants have standing to bring a motion to quash a subpoena served upon a non-party, the accountant, because they seek to invoke a privilege regarding the evidence sought.  See Allocco Recycling, Ltd. v. Doherty, 220 F.R.D. 407, 411 (S.D.N.Y. 2004).

transfers may have occurred between and among them.  We acknowledge that the "scope of post-judgment discovery [under the Federal Rules of Civil Procedure] is broad, enabling a judgment creditor to obtain discovery not only of the debtor's current assets, but also of past financial transactions which could lead to the existence of ... concealed or fraudulently conveyed assets."  <u>Dering v. Pitassi</u>, Civ. A. No. 88-2278, 1988 WL 115806, at *1 (E.D. Pa. Oct. 26, 1988).  Nonetheless, Essex has provided the court with nothing but the bare assertion that these non-parties are intimately intertwined with RMJC or that fraudulent transactions have occurred among them.  This is clearly insufficient to permit discovery.  We further note that Essex has not asserted, much less shown, that RMJC is unable to satisfy the judgment on its own.

     We will quash at this time the subpoena of Essex with respect to the non-parties due to the absence of any support in the record to demonstrate relevance.  Thus, we find it unnecessary to address whether they are entitled to the protection of any privilege.

II.

     The finances of RMJC itself, by contrast, are clearly relevant to Essex's effort to execute upon its judgment.  We must therefore decide whether RMJC may invoke the accountant-client privilege to prevent Perazzelli from giving testimony and producing the subpoenaed documents.

Rule 501 of the Federal Rules of Evidence provides: "[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."  Fed. R. Evid. 501.  We have subject matter jurisdiction over this action between Essex and RMJC based solely on diversity of citizenship of the parties.  Consequently, Pennsylvania evidentiary privileges apply.  See Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 861 (3d Cir. 1994).

Pennsylvania has adopted a statutory "accountant-client privilege" which states:

> Except by permission of the client engaging him or the heirs, successors or personal representatives of a client, a licensee or a person employed by a licensee shall not be required to, and shall not voluntarily, disclose or divulge information of which he may have become possessed unless the sharing of confidential information is within the peer review process.  This provision on confidentiality shall prevent the board from receiving reports relative to and in connection with any professional services as a certified public accountant, public accountant or firm.  The information derived from or as the result of such professional services shall be deemed confidential and privileged.

63 Pa. Stat. Ann. § 9.11a.  Many states have similar statutes, the general purpose of which is typically "to encourage people to make use of professional accounting services and to be frank and candid with such professionals."  Zepter v. Dragisic, 237 F.R.D. 185, 189 (N.D. Ill. 2006).

The United States Supreme Court has made clear that privileges should not be "expansively construed, for they are in derogation of the search for truth." United States v. Nixon, 418 U.S. 683, 710 (1974). Moreover, our Court of Appeals has held that Pennsylvania's statutory accountant-client privilege in particular must be strictly construed because, unlike the attorney-client privilege for instance, it was not recognized at common law. See United States v. Bowman, 358 F.2d 421 (3d Cir. 1966); accord Stainless Broadcasting Co. v. Guzewicz, Civ. A. No. 96-7305, 1997 WL 379164, at *1 (E.D. Pa. Oct. 21, 1997); Sansom Refining Co. v. Bache Halsey Stuart Shields, Inc., 92 F.R.D. 440, 441 (E.D. Pa. 1981); Rubin v. Katz, 347 F. Supp. 322, 324 (E.D. Pa. 1972).

The accountant-client privilege belongs to the client, not to the accountant. Emtec, Inc. v. Condor Tech. Solutions, Inc., Civ. A. No. 97-6652, 1998 WL 242603, at *2 (E.D. Pa. May 14, 1998). As a result, the client "may waive the privilege through conduct inconsistent with its assertion." Edmonds v. Surgical Monitoring Assocs., Inc., Civ. A. No. 07-3411, 2008 WL 1924253, at *2 (E.D. Pa. Apr. 28, 2008). The most common waiver situation occurs when financial records or information relevant to a plaintiff's claim are in the hands of his or her accountant. The institution of suit constitutes a waiver of the accountant-client privilege. See, e.g., Emtec, 1998 WL 242603 at *2. This common waiver circumstance, of course, does not exist here. RMJC is a defendant in this lawsuit and was also a defendant in the

underlying state court litigation where it was found liable to Mark Jaworksi.

The present action concerns Essex's duty to indemnify RMJC. Underlying the dispute in this court is the insurance policy RMJC purchased from Essex that requires Essex to provide a legal defense as well as coverage for certain negligent acts RMJC or its agents may have committed. Just as Essex has certain duties it owes RMJC in that insurer-insured relationship, RMJC owes certain duties to Essex. Under the heading of "Duties in the Event of Occurrence, Offense, Claim Or Suit," the policy in issue states: "You [RMJC] and any other involved insured must ... (2) Authorize us to obtain records and information; ...." The policy thus requires RMJC to allow Essex to obtain records and information in connection with any claim concerning commercial general liability against RMJC. There is no limitation in this regard. The policy language does not exclude situations where RMJC and Essex are litigating against each other. Accordingly, RMJC has contractually waived any accountant-client privilege vis-a-vis Essex under Pennsylvania law, and we will deny the motion of RMJC to quash the subpoena.[2]

---

2. Under Rule 45(d)(2)(A)(ii), a person claiming a privilege to withhold subpoenaed information must "describe the nature of the withheld documents ... in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Because we conclude that any privilege has been waived, we need not decide whether RMJC has complied with this provision of Rule 45.

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ESSEX INSURANCE CO.              :      CIVIL ACTION
                                 :
          v.                     :
                                 :
RMJC, INC.                       :      NO. 01-4049
```

ORDER

AND NOW, this 16th day of July, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ordered that:

(1)  the motion of defendant RMJC, Inc. to quash subpoena directed to John Perazzelli, CPA is DENIED insofar as information concerning RMJC, Inc. is being sought; and

(2)  the motion to quash is otherwise GRANTED without prejudice.

BY THE COURT:


/s/ Harvey Bartle III
                 C.J.